IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN DAVID FONG,<br><br>    Petitioner,<br><br>v.<br><br>ARNOLD,<br><br>    Respondent. | No. C 15-01568 BLF (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner has paid the filing fee. (Docket No. 4.)

**BACKGROUND**

According to the petition, Petitioner was found guilty of assault with a deadly weapon with a special allegation of great bodily injury and of participation in street gang activity, in violation of section 245 and 186.22 of the California Penal Code. (Pet. at 2.) Petitioner was also found guilty of witness dissuasion. (*Id.*) Petitioner was sentenced to 17 years in state prison on August 4, 2011. (*Id.*)

Petitioner appealed his conviction, and the state appellate court affirmed in 2011. (Pet. at 3.) The state high court denied review in 2013. (*Id.*) In 2014, the

state high court denied Petitioner's petition for a writ of mandate. (*Id.*) Petitioner also sought habeas relief in the state courts. (*Id.*)

Petitioner filed the instant federal habeas petition on April 4, 2015.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### B. Legal Claims

Petitioner claims the following grounds for federal habeas relief: (1) the appellate court's denial of his petition of re-hearing was erroneous and violated section 68081 of the California Government Code, his state and federal due process rights, and the Fourteenth Amendment; and (2) ineffective assistance of appellate counsel for failing to argue in the petition for review to the California Supreme Court that the state appellate court's denial of re-hearing was a violation of the federal Constitution.

To the extent that Petitioner alleges that state law has been violated, federal habeas relief is unavailable for such violations. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"). However, if the state court's incorrect application of state law was arbitrary, discriminatory or fundamentally unfair such that Petitioner was denied due process under the Fourteenth Amendment, habeas relief is available. *See, e.g., Kennick v. Sup. Ct. of State of Cal., Los Angeles Cty.*, 736 F.2d 1277, 1280 (9th Cir. 1984).

The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 391–405 (1985). Appellate counsel is ineffective if counsel's performance was objectively unreasonable, and if, but for appellate counsel's failure to raise the issue, the petitioner would have prevailed in his appeal. *Smith v. Robbins*, 528 U.S. 259, 285–86 (2000).

Accordingly, the Court finds that, liberally construed, Petitioner has stated the two following cognizable claims for relief: (1) the state appellate court's denial of his petition for re-hearing violated his due process rights under the Fourteenth Amendment of the federal Constitution; and (2) ineffective assistance of appellate counsel.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by mail a copy of this order and the petition (Docket No. 1) and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. At that time, Respondent shall also return the magistrate judge jurisdiction consent form.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fourteen (14) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."

**IT IS SO ORDERED.**

DATED: May 7, 2015

BETH LABSON FREEMAN
United States District Judge