IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN DAVID FONG,<br><br>    Petitioner,<br><br>   v.<br><br>ERIC ARNOLD, Warden,<br><br>    Respondent. | No. C 15-01568 BLF (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered Respondent to show cause why the petition should not be granted. Respondent filed an answer addressing the merits of the petition. Petitioner did not file a traverse although given an opportunity to do so. Having reviewed the briefs and the underlying record, the Court concludes that Petitioner is not entitled to relief based on the claims presented and denies the petition.

**PROCEDURAL HISTORY**

Petitioner was charged with two counts of assault with a deadly weapon, (Cal. Pen. Code § 245 subd. (a)(1)).[1] (Ans. at 1.) The information alleged as to count 1 that

---

[1] All subsequent statutory references are to the California Penal Code unless otherwise indicated.

Petitioner personally inflicted great bodily injury during the commission of the assault, (§§ 12022.7, subd. (a), 1203, subd. (e)(3)). (*Id.*) The information also alleged as to both counts that Petitioner committed the assaults for the benefit of a criminal street gang, (§ 186.22, subd. (b)(1)(C)). (Ans., Ex. 1 (Clerk's Transcript ("CT")) at 160-162.) On the same day, Petitioner was charged with witness dissuasion with an act done in furtherance of a conspiracy, (§ 136.1, subd. (c)(2)). (CT 163-165.) Petitioner pleaded no contest to both assault counts and the witness-dissuasion count, and admitted all enhancements. (*Id.*; Ex. 2 (Reporter's Transcript ("RT") at 12-14.) On August 4, 2011, Petitioner was sentenced to 17 years in state prison. (CT 190-191; RT 20-21.)

Petitioner appealed to the California Court of Appeal, which affirmed the conviction in a reasoned judgment on June 18, 2013. (Ans., Ex. 6 *(hereinafter* "Op.").) On June 24, 2013, Petitioner filed a petition for rehearing, which the Court of Appeal denied on July 1, 2013. (Ans., Exs. 7 & 8.) On July 19, 2013, Petitioner filed a petition for review with the California Supreme Court, arguing among other things that the state appellate court improperly denied his petition for rehearing. (Ans., Ex. 9.) The state high court summarily denied review on September 25, 2013. (Ans., Ex. 10.) Petitioner also pursued collateral relief in the state courts without success.

On April 6, 2015, Petitioner filed the instant federal habeas petition. The Court found the following cognizable claims: (1) the appellate court's denial of Petitioner's petition of re-hearing under § 68081 of the California Government Code violated his right to due process under the Fourteenth Amendment; and (2) ineffective assistance of appellate counsel for failing to argue in the petition for review to the California Supreme Court that the state appellate court's denial of re-hearing was a violation of the federal Constitution. (Pet. at 6.)

## DISCUSSION

A.  **Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams v. Taylor*, 529 U.S. 362, 384–86 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412–13. "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409. The federal habeas court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has vigorously and repeatedly affirmed that under AEDPA,

Order Denying Petition for Writ of Habeas Corpus; Denying COA
P:\PRO-SE\BLF\HC.15\01568Fong_denyHC.wpd                3

there is a heightened level of deference a federal habeas court must give to state court decisions. *See Hardy v. Cross*, 132 S. Ct. 490, 491 (2011) (per curiam); *Harrington v. Richter*, 562 U.S. 86, 103–04 (2011); *Felkner v. Jackson*, 131 S. Ct. 1305, 1307 (2011) (per curiam). As the Court explained: "[o]n federal habeas review, AEDPA 'imposes a highly deferential standard for evaluating state-court rulings' and 'demands that state-court decisions be given the benefit of the doubt.'" *Felkner*, 131 S. Ct. at 1307 (citation omitted). With these principles in mind regarding the standard and limited scope of review in which this Court may engage in federal habeas proceedings, the Court addresses Petitioner's claims.

B. **Legal Claims and Analysis**

　　1. **Due Process - Denial of Petition for Rehearing**

　　　　Petitioner claims that the state appellate court's denial of his petition for rehearing, (Ans., Ex. 8), violated his right to due process under the Fourteenth Amendment. (Pet. at 6.) Specifically, Petitioner claims that a rehearing was mandated by California Government Code § 68081, because his appeal was denied and decided upon issues not briefed by any party. (*Id.*) Respondent argues that this claim is foreclosed and fails on the merits.

　　　　First of all, federal habeas relief is unavailable for violations of state law or for alleged error in the interpretation of application of state law. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"). It also is unavailable for alleged error in the state post-conviction review process, *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989), or violations of the state constitution, *Hinman v. McCarthy*, 676 F.2d 343, 349 & n.2 (9th Cir. 1982). A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Accordingly, even if Petitioner's claim that the state appellate court improperly denied his petition for rehearing under Government Code § 68081 is true, he

still does not merit federal habeas relief because it was an error based purely on the application of state law and occurred during the state post-conviction review process. *See Swarthout*, 131 S. Ct. at 861-62; *Franzen*, 877 F.2d at 26.

Furthermore, the record shows that Petitioner was not in fact entitled to a rehearing under California Government Code § 68081. The Court of Appeal summarized Petitioner's claim on appeal:

> Defendant Allen David Fong challenges the application of Penal Code section 2933.1[²] [original footnote omitted] to him. He argues that his admission of a section 12022.7 enhancement allegation associated with his 2009 felony offense did not bring him within the provisions of section 667.5, subdivision (c)(8),[³] which would qualify him for application of section 2933.1's credit limiting provisions. Defendant claims that section 667.5, subdivision (c)(8)'s reference to section 12022.7 was a time-specific incorporation of the 1977 version of section 12022.7. The 1977 version contained a specific intent requirement that was deleted in 1995, and which defendant did not admit. We conclude that section 667.5, subdivision (c)(8)'s incorporation of section 12022.7 was not a time-specific incorporation. Consequently, defendant is subject to section 2933.1's credit limiting provisions.

(Op. at 1.) In denying Petitioner's appeal, the state appellate court found that § 667.5(c)(8)'s incorporation of § 12022.7 was not time-specific based on its analysis of legislative intent. (*Id.* at 8.) Therefore, the state appellate court concluded that the trial court properly subjected Petitioner to the credit limiting provisions of § 2933.1. (*Id.*) Apparently, an analysis of legislative intent was not argued by either party. Therefore, in his petition for rehearing, Petitioner argued that the state appellate court's decision was based on an "issue" which was not briefed by any party in the proceeding and that he was entitled to a rehearing under Government Code § 68081. (Ans., Ex. 7 at 4.)

The basic premise of Petitioner's claim is wrong because he is construing the state

---

² Section 2933.1, subdivisions (a) and (c) together provides that worktime and conduct credits are restricted to 15 percent for persons who commit offenses listed in section 667.5, subdivision (c) . (Op. at 3.)

³ "Section 667.5, subdivision (c) lists many offenses, including '[a]ny felony in which the defendant inflicts great bodily injury on any person other than an accomplice *which has been charged and proved as provided for in Section 12022.7*, 12022.8, or 12022.9 on or after July 1, 1977....'" (Op. at 3, citing § 667.5, subd. (c)(8), italics added.)

appellate court's legislative intent analysis as an "issue" that was not briefed. Section 68081 provides as follows:

> "Before the Supreme Court, a court of appeal, or the appellate division of a superior court renders a decision in a proceeding other than a summary denial of a petition for an extraordinary writ, based upon an issue which was not proposed or briefed by any party to the proceeding, the court shall afford the parties an opportunity to present their views on the matter through supplemental briefing. If the court fails to afford that opportunity, a rehearing shall be ordered upon timely petition of any party.

Cal. Gov't Code § 68081. As Respondent points out, a rehearing under § 68081 is appropriate "only when a court bases its decision on an *issue* not briefed by the parties, not when... a court bases its decision on an *analysis* not discussed by the parties." (Ans. at 4 (emphasis in original).) The California Supreme Court clarified this distinction:

> We do not suggest, of course, that the parties have a right under section 68081 to submit supplemental briefs or be granted a rehearing each time an appellate court relies upon authority or employs a mode of analysis that was not briefed by the parties. The parties need only have been given an opportunity to brief the issue decided by the court, and the fact that a party does not address an issue, mode of analysis, or authority that is raised or fairly included within the issues raised does not implicate the protections of section 68081.

(*Id.*, citing *People v. Alice*, 41 Cal.4th 668, 678-679 (2007).) Because Petitioner's petition for rehearing involved the same issue ruled on by the Court of Appeal, i.e., whether or not Penal Code § 2933.1's credit limiting provisions applied to him, he was not entitled to a rehearing under § 68081. The state high court made clear that where an appellate court "employs a mode of analysis that is not briefed by the parties," as in Petitioner's case, the protections of section 68081 are not implicated as long as the parties were given an opportunity to brief the issue decided by the court. *Id.* As discussed above, Petitioner was afforded such an opportunity to challenge the application of § 2933.1 in his direct appeal. *See supra* at 5. Accordingly, it cannot be said that the state appellate court's denial of his petition for rehearing was incorrect under state supreme court precedent.

Based on the foregoing, the state court's rejection of this claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly

established Supreme Court precedent, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas relief on this claim.

### 2. Ineffective Assistance of Appellate Counsel

Petitioner's second claim is that appellate counsel was ineffective for failing to argue that the Court of Appeal's denial of a rehearing was a federal violation. (Pet. at 6.) In order to prevail on this claim, Petitioner must show a reasonable probability that such a challenge would have succeeded. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (claim of ineffective assistance of appellate counsel requires showing that counsel failed to present a merit-worthy issue on appeal and that petitioner would have prevailed on appeal); *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984) (to establish ineffective assistance of trial counsel, petitioner must show reasonable probability of different result but for counsel's errors).

In one of his state pleas for relief, Petitioner submitted a declaration from his appellate counsel stating that it was an oversight on his part for failing to raise a "non-frivolous argument" of a federal violation under the principles announced in *Hicks v. Oklahoma*, 447 U.S. 343 (1977).[4] (Ans., Ex. 11 at 3.)[5] Even if this failure on the part of appellate counsel fell below the objective standard of reasonableness, Petitioner must still

---

[4] In *Hicks*, a jury imposed a 40-year prison term under a provision of habitual offender statute which was later declared unconstitutional by the state appellate court. 477 U.S. at 345. On appeal, the state appellate court nevertheless affirmed the conviction and sentence, finding that defendant had not been prejudiced by the impact of the invalid provision since his sentence was within the range of punishment that could have been imposed under other valid provisions. *Id.* On certiorari, the Supreme Court vacated and remanded, finding that the state appellate court had deprived the defendant of due process under the Fourteenth Amendment because there was a substantial possibility that had the jury been properly instructed, it could have returned a sentence of less than 40 years. *Id.* at 346.

[5] Although Petitioner did not submit a copy of this declaration with his federal habeas petition, Respondent includes it as an exhibit to the answer.

show that he was prejudiced. *Strickland*, 466 U.S. at 694. However, neither Petitioner nor appellate counsel presents any argument showing that raising the claim as a federal violation would have lead to a different result. In fact, there is no explanation as to how a claim under *Hicks*, which guarantees that a defendant may not be arbitrarily denied state-created liberty interest in a sentencing procedure, 477 U.S. at 346, would have been presented or even how *Hicks* applies to Petitioner's case. *Hicks* involved an invalidated statute by which a jury imposed an unconstitutional sentence. *See supra* at 7, fn. 4. Here, Petitioner's case does not involve either an improperly instructed jury or an invalidated statute. As discussed above, the denial of the petition for rehearing was not arbitrary but based on the application and interpretation of Government Code § 68081 under state supreme court precedent. *See supra* at 5-6. A state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); Hicks v. Feiock, 485 U.S. 624, 629 (1988). Accordingly, Petitioner has failed to show a reasonable probability that appellate counsel would have succeeded in pursuing a federal challenge to the denial of a rehearing. *See Smith*, 528 U.S. at 285-86. The state court's denial of this claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas relief on this claim.

## CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus is **DENIED**. The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is **DENIED**.

1  The Clerk shall close the file.

2  **IT IS SO ORDERED.**

4  DATED: April 14, 2016

BETH LABSON FREEMAN
United States District Judge